UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

September 26, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Vanessa B.-S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 23-0214-BAH

Dear Counsel:

On January 26, 2023, Plaintiff Vanessa B.-S. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case, ECF 10, and the parties' dispositive briefs, ECFs 15[1] and 16. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will AFFIRM the Commissioner's decision. This letter explains why.

## I.   PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on June 19, 2020, alleging a disability onset of March 28, 2020. Tr. 17, 98–99, 232–38. Plaintiff's claim was denied initially and on reconsideration. Tr. 111–31. On March 24, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 37–79. Following the hearing, on April 19, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 17–31. The Appeals Council ("AC") denied Plaintiff's request for review, Tr. 2–8, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.   THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

---

[1] Attached to Plaintiff's brief are recent medical records. *See* ECFs 15-1, 15-2, 15-3, and 15-4. My review on appeal, however, is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971).

[2] 42 U.S.C. §§ 301 et seq.

*Vanessa B.-S. v. Kijakazi*
Civil No. 23-0214-BAH
September 26, 2023
Page 2

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since March 28, 2020, the alleged onset date." Tr. 19. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "degenerative joint disease; degenerative disc disease; osteoarthritis; neuropathy; hypertension; asthma; obesity; major depressive disorder; and generalized anxiety disorder." *Id.* The ALJ also determined that Plaintiff suffered from the non-severe impairments of migraines and carpal tunnel syndrome in the bilateral upper extremities. Tr. 20. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b), except the claimant can lift and carry twenty pounds occasionally and ten pounds frequently; stand and/or walk for six of eight hours; and sit for six of eight hours. The claimant can occasionally climb stairs, balance, stoop, kneel, crouch, and crawl but cannot climb ladders. She can frequently reach, handle, finger, and feel with the dominant right upper extremity but can only occasionally reach overhead and below the knees with the right upper extremity. The claimant requires the option to change positions between sitting and standing every thirty minutes as needed throughout the day while remaining on task. She cannot have concentrated exposure to vibration, respiratory irritants, or hazards. The claimant is limited to simple, routine tasks and occasional contact with supervisors, coworkers, and the public. The claimant can perform low stress work, which is defined as occasional decision-making and occasional changes in work setting.

Tr. 23–24. The ALJ determined that Plaintiff is unable to perform past relevant work as a pheresis specialist (DOT[3] #078.261-042) but could perform other jobs that existed in significant numbers

---

[3] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles . . .* , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the*

*Vanessa B.-S. v. Kijakazi*
Civil No. 23-0214-BAH
September 26, 2023
Page 3

in the national economy. Tr. 30. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 31.

### III. LEGAL STANDARD

A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence. *Britt v. Saul*, 860 F. App'x 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)). "It consists of 'more than a mere scintilla of evidence but may be somewhat less than a preponderance.'" *Id.* (quoting *Craig*, 76 F.3d at 589).

### IV. ANALYSIS

I have carefully reviewed the ALJ's decision and the record. When reviewing a *pro se* Social Security appeal, the Court must "(1) examin[e] whether the SSA's decision generally comports with regulations, (2) review[] the ALJ's critical findings for compliance with the law, and (3) determin[e] from the evidentiary record whether substantial evidence supports the ALJ's findings." *Young R. v. Comm'r Soc. Sec. Admin.*, No. SAG-18-2980, 2019 WL 2078637, at *1 (D. Md. May 10, 2019) (quoting *Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005)). Plaintiff makes several arguments on appeal. Specifically, Plaintiff argues that the ALJ's decision is not supported by substantial evidence because "[m]edical professionals and records show clearly [m]ultiple limitations with special accommodations that would limit [her] ability to work. The judge minimized all limitations to not severe[.]" ECF 15, at 1. Plaintiff also argues that the ALJ erroneously found that Plaintiff's "depression, anxiety, [and] moods are minor[, that the record contains] no evidence of mental illness," and that Plaintiff does not need a cane. *Id.*[4]

Further, Plaintiff incorporates by reference her former counsel's brief before the AC. *See* ECF 15, at 1 (citing Tr. 330). This brief raises four arguments in addition to the general argument that the decision is not supported by substantial evidence. First, Plaintiff argues that the ALJ "effectively and impermissibly shifted the burden of proof to" Plaintiff by accepting the VE's testimony at step five as "uncontroverted." Tr. 330 (citing *Chavez v. Berryhill*, 895 F.3d 962 (7th Cir. 2018)). Second, Plaintiff argues that the ALJ should have found her limitation in concentration, persistence, and pace to be more severe than mild. *Id.* Third, Plaintiff argues the ALJ failed to consider Plaintiff's fatigue and ability to work on a sustained basis. *Id.* Finally,

---

*Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

[4] Plaintiff argues that her claim was not truly evaluated due to tension between the ALJ and her attorney, as purportedly evidenced by the AC's decision to deny her request for review. ECF 15, at 1. But "[t]he Appeals Council's review is discretionary: It may deny even a timely request without issuing a decision." *Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019) (citing 20 C.F.R. § 416.1481); *see also* 20 C.F.R. § 404.981.

Plaintiff challenges the ALJ's decision on constitutional grounds, arguing that "the ALJ exercised unconstitutional authority in [Plaintiff's] hearing" in violation of the separation of powers doctrine. *Id.*

Defendant counters that substantial evidence supports the ALJ's conclusions at each step of the sequential evaluation and that the ALJ employed proper legal standards. ECF 16, at 5–18. Defendant also contends that Plaintiff's constitutional argument is meritless, *id.* at 5, and that Plaintiff is not entitled to remand under sentence six of 42 U.S.C. § 405(g), *id.* at 18–20.

I begin with Plaintiff's constitutional argument. Plaintiff challenges the ALJ's decision based on separation of powers, relying on *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183 (2020). In *Seila Law*, the Supreme Court held that the Consumer Financial Protection Bureau's removal structure—where the agency was led by a single director removable only for good cause—violated the separations of powers doctrine. *Id.* at 2191. A year later, in *Collins v. Yellen*, "the Supreme Court determined that a single head of an agency of the executive branch cannot serve for a longer term than the President when they may only be removed for cause, as this constitutes a separation of powers violation." *Senora M. v. Kijakazi*, No. BPG-21-857, 2022 WL 1714883, at *3 (D. Md. Mar. 4, 2022) (citing *Collins*, 141 S. Ct. 1761, 1783 (2021)). "The SSA employs this structure, as it is an executive agency run by a single agency head who is appointed to a six-year term and can only be removed for cause by the President." *Id.* (citing 42 U.S.C. § 902(a)(3)). *Collins*, however, also reiterated that, as set forth in *Seila Law*, "a plaintiff that challenges a statutory restriction on the President's power to remove an executive officer can establish standing by showing that it was harmed by an action that was taken by such an officer and that the plaintiff alleges was void." 141 S. Ct. at 1788 n.24 (citing *Seila Law*, 140 S. Ct. at 2195–96). Here, Plaintiff has not alleged or put forth any evidence that Acting Commissioner Kijakazi, who led the SSA at the time of the ALJ's hearing and decision in this case, played any role in the ALJ's decision. *See Senora M.*, 2022 WL 1714883, at *3 (rejecting a separation of powers argument on similar grounds). Thus, Plaintiff lacks standing to bring this argument and remand is not required on this point.[5] *Id.*

---

[5] Though unclear, it appears that Plaintiff also raises the argument that a new hearing is appropriate under Social Security Ruling ("SSR") 19-1p, 2019 WL 1324866 (S.S.A. Mar. 15, 2019) and *Lucia v. SEC*, 138 S. Ct. 2044 (2018). In *Lucia*, the Supreme Court held that Securities and Exchange Commission ALJs were "Officers of the United States" and therefore had to be appointed by the agency head, the president, or a court of law under the Appointments Clause of the U.S. Constitution. *Id.* at 2051 (citing U.S. Const. art. II, § 2, cl. 2). In response to that ruling, on July 16, 2018, Acting Commissioner Nancy Berryhill reappointed the SSA's ALJs and AC judges. *Carr*, 141 S. Ct. at 1357; *See* SSR 19-1p, 2019 WL 1324866, at *2.

The claimants in *Lucia* challenged that Acting Commissioner Berryhill lacked lawful authority under the Federal Vacancies Reform Act at the time she reappointed the SSA's ALJs and AC judges, entitling the claimants to new hearings before properly appointed ALJs. *Rush v. Kijakazi*, 65 F.4th 114, 117 (4th Cir. 2023). The Fourth Circuit, however, unequivocally rejected this argument. In *Rush*, the Fourth Circuit held that Acting Commissioner Berryhill *was* "properly

I next turn to Plaintiff's arguments regarding the ALJ's decision itself. Before reviewing the ALJ's decision in Plaintiff's case, it is worth explaining that the standard of review in any Social Security appeals case is rooted in federal statute and case law. Under 42 U.S.C. § 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." As explained by the Fourth Circuit:

> Under the Social Security Act, [the court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard. 42 U.S.C. §§ 405(g), 1383(c)(3); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the Secretary. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). The issue before us, therefore, is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [he] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Coffman*, 829 F.2d at 517.

*Craig*, 76 F.3d at 589. In other words, a court does not review the evidence afresh; rather, it reviews the decision of the ALJ and evaluates whether the ALJ's decision is supported by the record. *See Theresa S. v. Saul*, No. TMD-18-2850, 2020 WL 433861, at *4 (D. Md. Jan. 28, 2020) (explaining that a court will not review the evidence in a Social Security appeal *de novo*, "or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner").

At step one, the ALJ ruled in Plaintiff's favor, determining that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 19; *see* 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ considered the severity of each of the impairments that Plaintiff claimed prevented her from working. *Id.*; *see* 20 C.F.R. § 404.1520(a)(4)(ii). Plaintiff argues that the ALJ "minimized all [her] limitations to not severe" and found "no evidence of mental illness." ECF 15, at 1. But this is not accurate. As noted above, the ALJ determined that Plaintiff's degenerative joint disease, degenerative disc disease, osteoarthritis, neuropathy, hypertension, asthma, obesity, major depressive disorder, and generalized anxiety disorder were severe impairments and that her migraines and carpal tunnel syndrome were non-severe. Tr. 19–

---

serving as SSA Acting Commissioner when she ratified the ALJs' appointments." *Rush*, 65 F.4th at 124. Thus, Plaintiff is not entitled to a new hearing on this point.

*Vanessa B.-S. v. Kijakazi*
Civil No. 23-0214-BAH
September 26, 2023
Page 6

20. The ALJ specifically noted that they "considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity." Tr. 20.

At step three, the ALJ determined that Plaintiff's physical and mental impairments did not meet or medically equal the criteria of any listings. Tr. 20; *see* 20 C.F.R. § 404.1520(a)(4)(iii). In order to meet the requirements of a listed impairment, a claimant must meet all of the elements of the listed impairment. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *Hays*, 907 F.2d at 1456–58. The ALJ considered Plaintiff's severe impairments but determined that no listings, including Listings 1.15, 1.16, 1.18, 3.03, 11.14, 12.04, were applicable to Plaintiff's conditions. Tr. 20–23. Additionally, in considering Plaintiff's severe mental impairments at this step, the ALJ determined that, under the "paragraph B" criteria, Plaintiff had moderate limitations in understanding, remembering, and applying information, interacting with others, and adapting or managing oneself. Tr. 22. The ALJ determined Plaintiff had only mild limitations in concentrating persisting and maintaining pace. Tr. 22–23. Plaintiff argues that the ALJ's finding that she only had a mild limitation in concentrating, persisting, or maintaining pace was not supported by substantial evidence. *See* ECF 15, at 1; Tr. 330. I disagree. The ALJ adequately explained the conclusion, citing to Plaintiff's consultative examination and reported activities of daily living. Tr. 22–23.

Before continuing to step four, the ALJ evaluated Plaintiff's RFC by assessing the extent to which her impairments limited her ability to work. A claimant's RFC represents "the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). When performing an RFC assessment, an ALJ is tasked with considering all relevant evidence, including a claimant's medical history, medical signs and laboratory findings, the effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, evidence from attempts to work, need for a structured living environment, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment. SSR 96-8p, 1996 WL 374184, at *2; *see also* 20 C.F.R. §§ 404.1529, 404.1545. The ALJ began the RFC assessment by summarizing Plaintiff's hearing testimony, medical records, and the medical opinions in the record. Tr. 24–29. The ALJ considered Plaintiff's allegations that "she can no longer work due to asthma, arthritis, anxiety, depression, hypertension, carpal tunnel, degenerative disc disease, sciatica, knee pain, and obesity." Tr. 24. The ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but found that her testimony as to "the intensity, persistence, and limiting effects of [her] are not entirely consistent with the medical evidence and other evidence in the record[.]" Tr. 25; *see Chater*, 76 F.3d at 594 (explaining the Fourth Circuit's two-part test for evaluating a claimant's subjective complaints).

Plaintiff specifically argues that the ALJ's determination about her use of a cane is not supported by substantial evidence. Again, I disagree. The ALJ noted that "[a]t the hearing, [Plaintiff] testified that she uses a cane all day, but it was not prescribed by her doctor." Tr. 24. The ALJ then explained that "despite the claimant's testimony that she requires the use of a cane throughout the day," during a 2021 consultative examination, "she demonstrated full strength in her bilateral lower extremities" and "was able to walk a few steps without the cane." Tr. 25.

*Vanessa B.-S. v. Kijakazi*
Civil No. 23-0214-BAH
September 26, 2023
Page 7

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson*, 402 U.S. at 390. In considering the entire record, and given the evidence outlined above, I find that the ALJ supported the RFC determination with substantial evidence.

At step four, the ALJ, relying on the VE's testimony, agreed with Plaintiff, and determined that she was unable to perform her past relevant work as a pheresis specialist. Tr. 29; *see* 20 C.F.R. § 404.1520(a)(4)(iv). However, in accordance with the VE's testimony, the ALJ also determined that a person with Plaintiff's RFC could perform a restricted range of light work jobs existing in significant numbers in the national economy. Tr. 30; U.S. Dep't of Labor, *Dictionary of Occupational Titles* §§ 239.567-010, 207.685-014 (4th ed. 1991).

Because the ALJ determined at step five that there were jobs existing in significant numbers in the national economy that Plaintiff could perform, the ALJ appropriately concluded that Plaintiff was not disabled. Tr. 24; *see* 20 C.F.R. § 404.1520(a)(4)(v) ("If you can make an adjustment to other work, we will find that you are not disabled."). Plaintiff argues that the ALJ "effectively and impermissibly shifted the burden of proof to [Plaintiff]" by "requiring [her] to controvert the VE testimony" when the ALJ noted that the VE's testimony was "uncontroverted." Tr. 330 (citing *Chavez v. Berryhill*, 895 F.3d 962 (7th Cir. 2018)). But Plaintiff's reliance on *Chavez* is misplaced. In that case, the Seventh Circuit determined that the ALJ's "decision was not supported by substantial evidence because the ALJ failed to ensure that the vocational expert's job estimates were reliable." *Chavez*, 895 F.3d at 963. There, the claimant objected to the VE's estimates of job numbers and inquired into the VE's methodology. *Id.* at 966. The Seventh Circuit held that the VE did not sufficiently explain his methodology, only noting that he applied "equal distribution method." *Id.* at 963, 966. Such is not the case here, where the VE testified that her testimony was "consistent with" the DOT and the VE's "experience and education." Tr. 77. Plaintiff expressly declined to object to the VE's qualification as an expert at the hearing, Tr. 72, and did not object to the VE's testimony, Tr. 77. The Supreme Court has made clear that "a vocational expert's testimony may count as substantial evidence even when unaccompanied by supporting data." *Biestek*, 139 S. Ct. at 1155. In addition to being "uncontradicted," the ALJ also found the VE's testimony "well-supported and "consistent with the DOT" except regarding certain RFC limitations, for which the VE relied upon her "education and roughly fifteen years of experience in assessing the vocation impact of such restrictions." Tr. 30. As such, the ALJ did not commit error by accepting the VE's testimony at step five.

As noted, my review on appeal is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether the correct legal standards were applied. *See Richardson*, 402 U.S. at 390, 404. I am not permitted to reweigh evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Governed by that standard, I find that Plaintiff's arguments in favor of remand are unpersuasive, and that remand is therefore unwarranted.

*Vanessa B.-S. v. Kijakazi*
Civil No. 23-0214-BAH
September 26, 2023
Page 8

## V. CONCLUSION

For the reasons set forth herein, the SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge